BRENDA H. ENTZMINGER
Nevada Bar No. 9800
ALYSSA M. AKLESTAD
Nevada Bar No. 13060
**PHILLIPS, SPALLAS & ANGSTADT LLC**
504 South Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510

*Attorneys for Defendant*
*Wal-Mart Stores, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NORMAN LOGAN,<br><br>      Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.; DOES 1 through 10; ROE ENTITIES 11 through 20, inclusive jointly and severally,<br><br>      Defendants. | Case No.: 2:15-cv-01116-JCM-VCF<br><br>**STIPULATED PROTECTIVE ORDER BETWEEN PLAINTIFF NORMAN LOGAN AND DEFENDANT WAL-MART STORES, INC.** |

**STIPULATED PROTECTIVE ORDER**

The parties to this action, Defendant Wal-Mart Stores, Inc. ("Wal-Mart" or "Defendant"), and Plaintiff, Norman Logan, by their respective counsel, hereby stipulate and request that the Court enter a stipulated protective order pursuant as follows:

1. The Protective Order shall be entered pursuant to ***the Federal Rules of Civil Procedure.***

2. The Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

   (a) Any and all documents referring or related to confidential and proprietary human resources or business information; financial records of the parties; compensation of Defendant's current or former personnel; policies, procedures and/or training materials of Defendant and/or Defendant's organizational

- 1 -

structure;

(b) Any documents from the personnel, medical or workers' compensation file of any current or former employee or contractor;

(c) Any documents relating to the medical and/or health information of any of Defendant's current or former employees or contractors;

(d) Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

3. In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated "CONFIDENTIAL" or otherwise expressly identified as confidential. Defendant will use its best efforts to limit the number of documents designated Confidential.

4. Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

5. Qualified recipients shall include only the following:

(a) In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

(b) Deposition notaries and staff;

(c) Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

(d) Deponents during the course of their depositions or potential witnesses of this case; and

(e) The parties to this litigation, their officers and professional employees.

///

6. Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order.

Persons to whom confidential information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court. Such deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.

If either party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential materials that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status. The information shall continue to have Confidential status during the pendency of any such motion.

7. No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

8. Any party that inadvertently discloses or produces in this action a document or information that it considers privileged or otherwise protected from discovery, in whole or in part, shall not be deemed to have waived any applicable privilege or protection by reason of such disclosure or production if, within 14 days of discovering that such document or information has been disclosed or produced, the producing party gives written notice to the receiving party identifying the document

or information in question, the asserted privileges or protection, and the grounds there for, with a request that all copies of the document or information be returned or destroyed. Upon receipt of any such notice, the receiving party shall return or destroy the inadvertently disclosed documents.

9. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

10. Within thirty (30) days of the final adjudication or resolution of this Lawsuit, the party receiving Confidential Information shall return all Confidential Material, including all copies and reproductions thereof, to counsel for the designating party.

11. Nothing in this Order shall be construed as an admission to the relevance, authenticity, foundation or admissibility of any document, material, transcript or other information.

12. Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

DATED this 28th day of July 2015.                    DATED this 28th day of July 2015.

**RICHARD HARRIS LAW FIRM**                          **PHILLIPS, SPALLAS & ANGSTADT LLC**

/s/ Bryan A. Boyack                                  /s/ Alyssa M. Aklestad

BRYAN A. BOYACK, ESQ.                                ALYSSA M. AKLESTAD
Nevada Bar No. 9980                                  Nevada Bar No. 13060
801 S. 4th St.                                       504 South Ninth Street
Las Vegas, Nevada 89101                              Las Vegas, Nevada 89101
(702) 444-4444                                       (702) 938-1510

*Attorneys for Plaintiff*                            *Attorneys for Defendant*
*Norman Logan*                                       *Wal-Mart Stores. Inc.*

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
DATED: 1-14-2016

# CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of July, 2015, I served a true and correct copy of the foregoing, **STIPULATED PROTECTIVE ORDER BETWEEN PLAINTIFF NORMAN LOGAN AND DEFENDANT WAL-MART STORES, INC.**, by facsimile addressed to the following counsel of record, at the address listed below:

| ATTORNEY OF RECORD | TELEPHONE/FAX | PARTY |
|---|---|---|
| BRYAN A. BOYACK, ESQ.<br>Nevada Bar No. 9980<br>RICHARD HARRIS LAW FIRM<br>801 South Fourth Street<br>Las Vegas, NV 89101 | Phone 702-444-4444<br>Fax     702-444-4455 | Plaintiff |

*/s/ Alyssa M. Aklestad, Esq.*
_____
An Employee of PHILLIPS, SPALLAS & ANGSTADT LLC