# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

NORMAN LOGAN,

        Plaintiff,

vs.

WAL-MART STORES, INC.; *et. al.*,

        Defendants.

Case No. 2:15–cv–1116–JCM–VCF

**ORDER**

MOTION TO EXCLUDE EVIDENCE REGARDING PLAINTIFF'S DAMAGE CLAIMS AND EXPERT OPINIONS (DOC. #13)

      This matter involves Plaintiff Norman Logan's civil action against Defendant Wal-Mart Stores, Inc. Before the court are Wal-Mart's Motion to Exclude Evidence (Doc. #13), Logan's response (Doc. #15), and Wal-Mart's reply. (Doc. #16). The court held a hearing on March 4, 2016 at 11:00 a.m. For the reasons stated below, Wal-Mart's motion is granted.

## I. BACKGROUND

      The instant motion arises from Logan's supplement to his initial disclosure of damages as well as his expert witness disclosures. The parties agreed to a joint discovery plan and scheduling order which set forth the following deadlines: (1) initial disclosures were due on July 15, 2015, (2) expert disclosures were due on October 9, 2015, (3) rebuttal expert disclosures were due on November 9, 2015, and (4) discovery was to be completed on December 8, 2015. (Doc. #10). As part of his initial disclosures, Logan claimed $66,574 in past medical expenses and "at least $8,000" in future medical expenses, associated with a contemplated shoulder arthroplasty surgery. Logan's initial disclosures did not claim any economic damages. On or about October 6, 2015, Logan supplemented his initial disclosures by claiming $40,401 in additional past medical expenses and $266,256 in additional future medical expenses, associated with a previously undisclosed life-care plan prepared by Dr. Armando

Miciano. Wal-Mart did not receive Logan's supplemental disclosures until after Logan's deposition had been taken. On October 15, 2015, Logan disclosed an economic expert witness, Dr. Terrence M. Clauretie. Dr. Clauretie proposes to testify on the current value of Logan's life-care plan. Discovery deadlines were not extended, thus discovery closed on December 8, 2015. Wal-Mart now moves to exclude the additional damages claimed in Logan's October 6 supplemental disclosure as well as Dr. Clauretie's expert opinion.

## II. LEGAL STANDARD

"[A] party must, without awaiting a discovery request, provide to the other parties: … a computation of each category of damages claimed by the disclosing party … unless privileged or protected from disclosure, on which computation is based, including materials bearing on the nature and extent of injuries suffered." FED. R. CIV. P. 26(a)(1)(A)(iii). "A party who has made a disclosure under Rule 26(a) … must supplement or correct its disclosures." FED. R. CIV. P. 26(e)(1).

"[S]upplementation under the Rules means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Luke v. Family Care and Urgent Medical Clinic*, 323 Fed. Appx. 496, 500 (9th Cir. 2009).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). "In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: may order payment of the reasonable expenses, including attorney's fees, caused by the failure; may inform the jury of the party's failure; and may impose other appropriate sanctions." FED. R. CIV. P. 37(c)(1)(A)-(C).

"The party facing exclusion bears the burden of proving that failure to comply with Rule 26 was harmless or substantially justified." *Granados v. N. Nev. High Speed, LLC*, Case No. 3:14-cv-81-LRH-

VPC, 2014 WL 5503118 at* 3 (D. Nev. Oct. 30, 2014).  Courts are most likely to exclude evidence when a party first discloses the material at issue 'shortly before trial or substantially after discovery has closed.'" *Id.* (citing *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 594 (D. Nev. 2011)).  "[C]ourt are likely to be lenient if the delay can be rectified by a limited extension of the discovery timeline." *Allstate Ins. Co. v. Nassiri*, Case No 2:08-cv-369-JCM-GWF, 2011 WL 2977127 at* 6 (D. Nev. July 21, 2011).

### III. DISCUSSION

The parties present two issues: (1) whether additional medical damages claimed in Logan's October 6 supplemental disclosure should be excluded and (2) whether Dr. Clauretie's expert opinion should be excluded.

1.   <u>Additional Medical Damages Claimed in Logan's October 6 Supplemental Disclosure are Excluded</u>

An untimely disclosure is harmful, if the untimely disclosure "impede[s] the other party's ability to marshal an appropriate and timely defense." *Patton v. Wal-Mart Store, Inc.*, Case No. 2:12-cv-2142-GMN-VCF, 2013 WL 6158461 at* 5 (D. Nev. Nov. 20, 2013).

Logan's additional past medical expenses, totaling $40,041, and additional future medical expenses, totaling $266,256, are excluded.  Logan's October 6 supplemental disclosure nearly doubled the amount sought in past medical expenses[1], from $66,574 to $106,615, and increased the amount of future medical damages approximately thirty-three times, from $8,000 to $274,256.  Wal-Mart suffered harm due to Logan's supplemental disclosure; Wal-Mart had three days to retain new experts, or have its

---

[1] In his July 14, 2015 initial disclosure, Logan listed three categories of past medical expenses as "pending."  Logan's identification of his past medical expenses does not excuse his duty to provide a calculation for his damages, and does not render his late disclosure of his damage calculations harmless.

3

retained experts produce new reports, in response to Logan's additional claim for $306,657 in previously undisclosed medical expenses.[2]

Logan argues that Wal-Mart acts with unclean hands; Wal-Mart waited over a month after the close of discovery to file the instant motion. In support of his position, Logan cites the maxim, "he who seeks equity must do equity." Logan's reliance is misplaced. Wal-Mart does not seek an equitable remedy; it seeks a discovery sanction. Federal Rule of Civil Procedure 37 provides that exclusion of evidence is a potential consequence for failure to comply with the initial disclosure requirements of Rule 26. Here, Logan's supplemental disclosures came over two months after initial disclosures were due and increased his damage claims by over $300,000. It is appropriate for Wal-Mart to seek to exclude Logan's additional damages claims.

Logan next relies on *Granados v. N. Nev. High Speed, LLC*, to argue that a discovery extension would neutralize any harm Wal-Mart may have suffered. 2014 WL 5503118 at* 3. In *Granados*, the defendant did not suffer harm due to the plaintiff's untimely damages disclosure when the court extended discovery deadlines to permit additional discovery on plaintiff's additional claims. *Id.* Here, discovery was not extended beyond the original deadlines, nor did either party seek a discovery extension. A discovery extension that was not sought cannot cure the harm Wal-Mart suffered due to Logan's late claims for additional medical damages. Discovery has been closed for over two months and discovery will not be reopened given that neither party sought an extension of discovery deadlines before the original discovery cutoff date.

/// /// ///

---

[2] Logan's argument that Wal-Mart's experts had sufficient time to address Logan's life-care plan claims is unpersuasive. It is highly probable that Wal-Mart's defense in this action would have been different from the beginning had Logan included an estimate of his life-care plan in his initial disclosures.

2.     Dr. Clauretie's Expert Opinion is Excluded

Dr. Clauretie was disclosed on October 15, 2015, six days after the deadline for expert witness disclosure. Here, Logan fails to meet his burden that his untimely disclosure of Dr. Clauretie was harmless. Dr. Clauretie proposes to testify about the present value of Logan's life-care plan; a plan that Logan only disclosed to Wal-Mart nine days before his designation of Dr. Clauretie and eighty three days after initial disclosures were due. The combination of Logan's untimely disclosure of his life-care plan as well as the untimely designation of Dr. Clauretie's, prejudiced Wal-Mart. Wal-Mart was not expected to address Logan's new medical damages claims and expert witness as discovery was about to conclude. Dr. Clauretie's expert opinion is, therefore, excluded.[3]

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Wal-Mart's Motion to Exclude Evidence (Doc. #13) is GRANTED.

IT IS FURTHER ORDERED that Logan's past medical damages are limited to $66, 574 and his future medical damages are limited to the cost of a shoulder arthroplasty surgery.

IT IS FURTHER ORDERED that Dr. Clauretie's expert opinion is excluded.

IT IS SO ORDERED.

DATED this 4th day of March, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[3] Dr. Clauretie's expert opinion is also excluded as irrelevant. Evidence of Logan's life-care plan is excluded due to Logan's untimely disclosure of his life-care plan. As Dr. Clauretie proposes to testify on the present value of a life-care plan that will not be admitted into evidence, his expert opinion is irrelevant.